**Dated: January 24, 2019**
**The following is ORDERED:**

_____
**Jennie D. Latta**
**UNITED STATES BANKRUPTCY JUDGE**

_____

```
                    UNITED STATES BANKRUPTCY COURT
                    WESTERN DISTRICT OF TENNESSEE
```

In Re:                                                   Chapter 13

SOPHIA DENISE FOWLER

Debtor(s)                                                Case No. 18-28968-L

Order Confirming Plan Combined With Related Orders

It appearing to the Court that the debtor(s) has (or have) filed a plan which has been sent to the scheduled creditors; that at the confirmation hearing it appeared to the Court from statements of the Chapter 13 Trustee, and the entire record herein, that the plan as finalized complies with 11 U.S.C. §1325(a) and other applicable provisions of the Bankruptcy Code; and that the plan should be confirmed;

IT IS THEREFORE, ORDERED BY THE COURT:

1. That the debtor(s)' plan, which is attached hereto, is confirmed;

2. That the debtor(s) pay into the plan as follows:

   Debtor One Employer   UNIVERSAL PROTECTION SERVICE      $326.00 WEEKLY

If this is different from the originally proposed plan amount, then the Chapter 13 Trustee is authorized to submit a separate order changing payment. Furthermore, the debtor(s)' future earnings shall remain property of the estate and under the exclusive control of this Court pursuant to 28 U.S.C. §1334(e) and  157(a).  In the event of a case dismissal, funds held by the Chapter 13 Trustee shall be paid to creditors in accordance with the terms of the plan unless otherwise ordered by the Court.

3. All property shall remain property of the Chapter 13 estate under 11 U.S.C. §541(a) and 1306(a) and shall revest in the Debtor(s) only upon discharge pursuant to §1328(a), conversion of the case, or specific order of the Court which states otherwise. The debtor(s) shall remain in possession of and in control of all property of the estate not transferred to the Trustee, and shall be responsible for the protection and preservation of all such property, pending further orders of the Court.

4. An attorney fee is allowed in the amount of $3,800.00. The attorney has received $200.00 to be retained.

5. The percentage to be received by unsecured creditors is to be determined by the Trustee after the expiration of the 90 day bar date for the filing of claims; separate order to be entered thereon.

6. Any real estate tax claimants shall be treated as fully secured if the plan proposes to treat them as secured debts. If the debtor(s) surrender(s) with Court authorization any real property during the pendency of this case or such property is abandoned, the real property will no longer be property of the estate; the automatic stay shall terminate regarding the interests of affected real property taxing authorities, and the Chapter 13 plan may be modified accordingly.

7. The balances of any student loans shall survive discharge if the plan indicates same.

8. This case is confirmed without prejudice as to WELLS FARGO BANK NA.

    CC:  Sylvia Ford Brown        /s/ Sylvia Ford Brown
                                                          Chapter 13 Trustee

        GENTRY ARNOLD PLLC
        5100 POPLAR AVENUE SUITE 2008
        MEMPHIS, TN  38137-2008

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TENNESSEE

In re:   SOPHIA DENISE FOWLER         SSN XXX-XX-2971    Case No.18-28968-L

Debtor(s).                                              Chapter 13

---

## CHAPTER 13 PLAN

---

ADDRESS:   4150 MEADOW CHASE CV
           MEMPHIS, TN 38115-6627

PLAN PAYMENT:

Debtor 1   UNIVERSAL PROTECTION SERVICE          Payroll        $326.00   WEEKLY
           161 WASHINGTON STREET  SUITE 600
           8 TOWER BRIDGE
           CONSHOHOCKEN, PA 19428

1. THIS PLAN [3015.1 Notice]:

   (A)  CONTAINS NOT STANDARD PROVISION(S). (See Plan Provision #19)        Y
   (B)  LIMITS THE AMOUNT OF A SECURED CLAIM BASED ON A VALUATION OF        N
        THE COLLATERAL FOR THE CLAIM. (See Plan Provisions #7, #8)
   (C)  AVOIDS A SECURITY INTEREST OR LIEN. (See Plan Provision 12)         N

2. ADMINISTRATIVE EXPENSES: PAY FILING FEE AND DEBTOR(S)' ATTORNEY FEE PURSUANT TO CONFIRMATION ORDER.

3. AUTO INSURANCE: Not included in Plan.

   2012 JEEP GRAND CHEROKEE              Plan Insurance Is Suspended       $0.00
                                         Scheduled    Value   Interest   Mthly Pymt

4. DOMESTIC SUPPORT: NONE

5. PRIORITY CLAIMS: NONE

6. HOME MORTGAGE CLAIMS:
   WELLS FARGO BANK                      Jan 01, 2019          0.00%      $720.27
                                         $5,968.96             0.00%      $110.00

7. SECURED CLAIMS [Retain lien 11 U.S.C. 1325 (a)(5)]    NONE

8. SECURED AUTOMOBILE CLAIMS FOR DEBT INCURRED WITHIN 910 DAYS OF FILING, AND OTHER SECURED CLAIMS FOR DEBT INCURRED WITH ONE YEAR OF FILING:
   [Retain lien 11 U.S.C. 1324(a)]:

   BECKET AND LEE LLP                             $955.38      5.00%       $40.00
   CREDIT ACCEPTANCE CORP                      $13,784.52      6.50%      $280.00

9. SECURED CLAIMS FOR WHICH COLLATERAL WILL BE SURRENDERED; STAY IS TERMINATED UPON CONFIRMATION FOR THE LIMITED PURPOSE OF GAINING POSSESSION AND COMMERCIALLY REASONABLE DISPOSAL OF COLLATERAL: NONE

10. SPECIAL CLASS UNSECURED CLAIMS: NONE

11. STUDENT LOAN CLAIMS AND OTHER LONG TERM CLAIMS: NONE

12. THE JUDICIAL LIENS OR NON-POSSESSORY, NON-PURCHASE MONEY SECURITY INTEREST(S) HELD BY THE FOLLOWING CREDITORS ARE AVOIDED TO THE EXTENT ALLOWABLE PURSUANT TO 11 U.S.C. 522(f):  NONE

13. ABSENT A SPECIFIC COURT ORDER OTHERWISE, ALL TIMELY FILED CLAIMS, OTHER THAN THOSE SPECIFICALLY PROVIDED FOR ABOVE, SHALL BE PAID AS GENERAL UNSECURED CLAIMS.

14. ESTIMATED TOTAL GENERAL UNSECURED CLAIMS:  $6,720.92

    | | | |
    |---|---:|---|
    | REVENUE ASSURANCE PROFESSIONAL | $204.22 | C |
    | REVENUE ASSURANCE PROFESSIONAL | $4.46 | C |
    | [Add] | | |
    | WAKEFIELD AND ASSOCIATES | $6,517.92 | S |

15. THE PERCENTAGE TO BE PAID WITH RESPECT TO NON-PRIORITY, GENERAL UNSECURED CLAIMS IS: THE TRUSTEE SHALL DETERMINE THE PERCENTAGE TO BE PAID AFTER THE PASSING OF THE FINAL BAR DATE.

16. THIS PLAN ASSUMES OR REJECTS EXECUTORY CONTRACTS: NONE

17. COMPLETION: PLAN SHALL BE COMPLETED UPON PAYMENT OF THE ABOVE, APPROXIMATELY  60 MONTHS.

18. FAILURE TO TIMELY FILE A WRITTEN OBJECTION TO CONFIRMATION SHALL BE DEEMED ACCEPTANCE OF PLAN.

19. NON STANDARD PROVISION(S):

    | | |
    |---|---|
    | BECKET AND LEE LLP | Adequate protection payment will be 1/4 (25%) of proposed creditor monthly payment. |
    | CREDIT ACCEPTANCE CORP | Adequate protection payment will be 1/4 (25%) of proposed creditor monthly payment. |

    ANY STANDARD PROVISION STATED ELSEWHERE IS VOID

20. CERTIFICATION: THIS PLAN CONTAINS NO NON-STANDARD PROVISIONS EXCEPT THOSE STATED IN PROVISION 19.